IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFRY IAN COOK,

    Petitioner,                    No. CIV S-10-2355 JAM GGH P

    vs.

J.W. HAVILAND,

    Respondent.                 ORDER

_____/

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Petitioner points out that a Federal Defender was appointed to represent him in an earlier case before this court which, like the current action, challenged a Board of Parole decision to deny petitioner parole. Cook v. Carey, No. Civ S-06-0869 DFL GGH P, Doc. No. 15. Petitioner states that he is still represented by counsel in that action, which is currently before the Ninth Circuit Court of Appeals. He requests that the same counsel be appointed to represent him in this "related" action.

        In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. First, petitioner's earlier action challenging the Board's 2002 denial of parole and the instant action challenging the Board's

2009 denial of parole are not "related" in any legal sense.  Each Board denial must be challenged and litigated separately.  See Fed. Rules Governing Section 2254 Cases, Rule 2(e);[1] see also, Magwood v. Patterson, 130 S. Ct. 2788, 2798 (2010);  Mansanares v. Arpaio, 2009 WL 1456858 *1 n. 1 (D. Ariz. May 21, 2009).  Second, while the law governing federal habeas review of parole denials was in flux at the time of petitioner's 2006 case, such that the undersigned ordered the parties' attorneys to brief the "complicated issues" of law raised by the petition (see Cook v. Carey, supra, Doc. No. 15), the governing law has since stabilized and no such briefing is required.

Accordingly, IT IS HEREBY ORDERED that petitioner's December 21, 2010 motion for appointment of counsel (Docket No. 13) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: January 10, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

cook2355.110(2)
GGH:0014

---

[1] "A petitioner who seeks relief from judgments of more than one state court must file a separate petitioner covering the judgment or judgments of each court."